Mr. Waters, Ms. Waters rather, you may proceed. Thank you, Judge. Good morning, and may it please the Court. My name is Robin Waters, and I represent the appellant Donnie Johnson. The issue in this appeal of the denial of Mr. Johnson's habeas petition is whether his Indiana state convictions for Class B felony escape and Class B felony criminal deviant conduct are violent felonies under the force clause of the Armed Career Criminal Act. In order to qualify as a violent felony under the force clause, a crime has to have as an element the intentional use or threatened use of violent physical force against another person rather than reckless or negligent application of force. And mere touching is not sufficiently violent force. So under this rubric, neither of Mr. Johnson's criminal convictions qualify under the force clause. So I'd like to start with the escape conviction. This statute criminalizes intentional flight from lawful detention. So in this case, the intent is the mens rea and the flight is the increased in two particular circumstances. If while committing the flight from lawful detention, the person either draws or uses a deadly weapon or inflicts bodily injury on another person. And because neither of these clauses involves the intentional use of force, it doesn't matter whether this court decides the statute is divisible, indivisible. It doesn't matter because neither iteration involves the intentional use of force. So I'd like to focus on the clause that the iteration of the statute that Mr. Johnson was convicted of. So inflicting bodily injury does not require the intentional use of force because nearly reckless and negligent conduct qualifies. And we know this when we look into authoritative sources of Indiana state law. First and principally, Indiana has a culpability statute. And this culpability statute we think should really guide this court's interpretation of the issue. And what that statute basically says is that your mens rea element of your crime is going to attach to every the actus rea, so the prohibited conduct. So in this case, it's the intentional flight from lawful detention. But the mens rea here intent isn't going to attach to aggravating circumstances like the that under authoritative sources of Indiana law, an aggravating circumstance like the infliction of bodily injury just doesn't attach any intent. For some reason, the government chose not to address this argument. I'm not sure why, but we really think it's positive here. Second, and critically, you know, if that statute weren't enough, Indiana state courts and the Seventh Circuit have held that these kinds of inflicting bodily injury clauses under Indiana state law encompass reckless and negligent conduct. So indeed, a lot of these cases discuss approximate cause standard, which is a negligent standard, not an intentional conduct standard. The government's also argued that inflicting bodily injury, inflicting bodily injury clause requires a defendant to purposefully or knowingly cause harm. But we think that really, A, isn't consistent with state law and B, unduly narrows the statute. The Indiana legislature struck a particular balance in its crimes. And in this case, it said we want to punish defendants who, when they're fleeing, inflict bodily injury. Regardless of whether those defendants meant to do that or didn't mean to do that, we think those defendants are worthy of greater punishment. And the legislature was entitled to do that. And there's, you know, probably good reason for doing that. And so we don't think that the government's interpretation, which actually narrows the scope of the statute, is consistent with state law at all. So turning to the case law, the government also relies on the Williams Bay v. State case, that's an Indiana Court of Appeals case. And in that case, the court kind of focused in on this inflicting bodily injury in the course of a state statute. And what it said in Williams Bay was that that defendant passively inflicted injury versus actively. And so the court said, you know, really we need active infliction, not passive. And so kind of latching onto that passive active distinction, the government says, well, because we need active or volitional force, that necessarily is intentional force. But that really runs headlong into the Supreme Court's recent decision in Borden, which really went into great detail about the fact that even when you have active employment, of course, it's not always employed intentionally. So the court in the Borden case gave a great example of reckless driving where a person, you know, disregards risk, is driving and blows through a red light and hits a pedestrian. And the court said that's active force, that's but-for causation, but it wasn't intentional. And so even in cases where active force is required, it still has to be intentional. And that's just not required by this statute. So we don't think Williams Bay compels any different result. As a result of this as well, the government's reliance on this court's decision in Douglas, we also think is misplaced. So the government relies on Douglas in arguing that inflicting bodily injury while committing escape excludes accidental or unforeseen circumstances. But there's a couple of problems with this argument. And the first is that in Indiana law, aggravating circumstance clauses don't require intent. They said in that case, which was a battery case, that the intent to use force was satisfied by the actus reus of the crime, in that case, intentional touching. And then we had this bodily injury clause in the Douglas case, didn't require any intent. And so really the Douglas case supports what we're saying and just Indiana law. The nuance with the Douglas case as well that I think is important to highlight, however, is that that statute is different than ours because intentional flight doesn't involve the intentional use of force against another person. So in Douglas, the court said battery involves the intentional use of force. Here, we don't have the intentional use of force. All we have is this bodily injury clause, and that doesn't require any intent. So for this reason, we think Douglas supports our position and does not support the government's position. So I'd like to turn to Mr. Johnson's criminal deviant conduct conviction. This statute also doesn't qualify as a violent felony under the force clause because it doesn't categorically require the use of violent physical force. And that's regardless of whether this court finds that the statute is typical or not divisible. In this case, the district court found that the first clause of this statute, which is when a person, a victim is compelled by force or imminent threat of force, that that was violent force under the force clause of the ACCA. And the district court then looked into the records of Mr. Johnson's conviction and found that was the variant of the statute that he was convicted of. Regardless of whether looking at that state court record was appropriate or inappropriate, we think that this clause of the statute also doesn't require the intentional use of force. And again, here, we're looking to Indiana state law and their interpretations of their own statutes. And here, Indiana courts are very clear that the force applied doesn't have to be physical, and it doesn't have to be violent. So really, this should begin and end the inquiry because the arm for a criminal act requires both physical force and violent force in order to satisfy as a violent felony under the fourth clause. So in order to kind of get around this law, the government relies on the Supreme Court's decision in Stokely. And what the court in Stokely said was that even force that is very slight, as long as it is employed to overcome a victim's physical resistance, that constitutes sufficiently violent force under the ACCA. But again, this reliance on this case is also misplaced because Indiana courts have been clear that a victim doesn't need to physically resist in order to violate the here. And if there were any doubt about this, the court need only look at the jury instructions that were actually given in Mr. Johnson's case, and that's in the record in the appendix at page 21. And what the jury instructions in Mr. Johnson's criminal deviant conduct conviction said are that a person assaulted is not required to resist by all violent means within her power. The law requires only that the case be one in which the victim could not consent. So again, here, a victim doesn't have to physically resist, and therefore, the force doesn't have to be sufficient to overcome a victim's physical resistance. The victim can manifest solely verbal. How do you deal with Curtis Johnson, though, if it's verbal, if there's a threat of force? So with regard to the threat of force, the force has to be a threat of bodily injury. And in this case, the threats are just of the forced activity, which here includes just touching, basically. So the case that we've provided to the court is Bailey v. State, and I think that's a really good example of a case where it was just the victim's generalized fear of the forced activity, and it wasn't fear of bodily injury. And what this court has said is Isn't there another strand of Indiana case law, though, that talks about that aspect of the statute being satisfied if a victim is put in fear of bodily injury? Yeah, so there's definitely a line of cases that says that that would be sufficient. Including from the Indiana Supreme Court in Dewey. Yes. And isn't that a problem under Curtis Johnson for Mr. Johnson? No, I don't think so, Your Honor. And that's because, well, that would be sufficient to violate the statute. What we do when we employ the categorical approach is look to see if there's any example of a violation of the statute that doesn't involve a threat of force. So while that would certainly be sufficient, and we're not challenging that line of cases, there are examples where a threat of bodily injury wasn't required. And so under Curtis Johnson and the you can't find that categorically speaking, there was a threat of bodily injury. So I see that I'm into my rebuttal time. So with that, I'd like to reserve the balance of my time. Thank you, counsel. Mr. Haller. Thank you, Your Honor. As you may have pleased the court, both forcible criminal deviant conduct and intentionally inflicting bodily injury during an escape are violent felonies under Indiana law. This court has already held that Indiana robbery forcibly compelling someone to part with physical possessions entails either the knowing or threatened use of force. And the Indiana offense of criminal deviant conduct for rape is parallel. It's forcibly compelling someone to permit sexual conduct through the knowing or threatened use of force. That is sufficient as the Armed Career Criminal Act requires. My opponent argues that you don't have to actually compel someone through physical force, but that is simply not what the Indiana Supreme Court cases say. And the Indiana Supreme Court is the ultimate authority of state law in Indiana. Indeed, if my opponent were correct, then the Jones versus State case, 589 Northeast 2nd, 241 would have had to come out the other way. In the Jones case, the victim said, I asked the defendant asked to have sex with me. I said, no. The defendant asked to have sex with me again. I said, no. This is a young woman who lives in the same house as the married defendant. He asked a third time. He tries to have sex with her, and she just rolls over and allows him because she was afraid of him. And the court says that is not enough. You have to be afraid of force or threats, or you have to physically resist. If somebody physically resists, then the force that comes into play is brute force. And so, therefore, that's going to be enough to overcome physical resistance under Stoeckling. And if you are afraid of bodily injury, which is the fear that is required under this statute, then again, that is the threatened use of force, which is enough under Curtis Johnson. Mr. Howler, can I back you up one second? And when you look at the Indiana statute for criminal deviant conduct, and you look at those three subsections, why isn't just why aren't the three subsections a means of committing the violation? In other words, yeah, you look at the first couple of elements, the mental state requirement, the requirement for deviant sexual conduct, and then you get to the three alternatives, and you say, well, you can do one of these three things. And if you do one of those three things, you're going to violate the statute. Well, again, I think Jones is a perfect example of that of saying, no, these are elements. Because what the Indiana Supreme Court said in Jones is, hey, we think there's some evidence here that this victim might be mentally disabled or deficient, but you didn't charge that. You didn't prove that. And again, I think you also can look at the sexual battery statute, which includes only two of these three elements. But when you start talking about what was charged and what was proved, we're beyond the way the Aren't we supposed to focus on the structure of the statute, the statute, you know, the way it's drafted and structured in the first instance in trying to answer the violent felony question? I think that's correct. But the question is, typically when one is looking at means versus elements, means are ways of proving a specific element. And what my opponent wants to say is, means are a way of proving the element of lack of consent. That's her whole position. And if you look at the Arizona statute that's at issue in Terrell, that statute says lack of consent. Lack of consent is the element. And here's a whole bunch of examples, including the three that are present in Indiana, as well as other ones that show that there was lack of consent. That's the way the model penal code sort of redefines rape. But Indiana has never taken that step. And it has said that lack of consent is not an element. Lack of consent is evidence that the victim was forced. Lack of consent is evidence that the victim was unaware. Lack of consent is evidence that the victim could not consent or was mentally deficient. But lack of consent is not itself an element. And so if lack of consent isn't the element that these are means that are exemplifying, then what exactly is it? That's not what it is. What do you have in mind? Cases like Nolan? Yes, Nolan is an example where they say that. All of the cases I believe that we've cited around pages 14 through 16 of our brief. The element of unawareness, the element of mental infirmity, they have said that forcible criminal force is an element in Taylor itself. In Gamillia, the threat of force is an element. These are actual elements of the offense. These are three separate offenses. And I think as well, if you look to the Morrison case, the Morrison case is an example of Indiana law. In that case, the defendant, you can't enhance a defendant's sentence based on an element of the offense. There, the defendant was convicted of force. And the enhance, in fact, was a separate element, which is that the victim was also mentally deficient. So all of these things show that this is not an element. In the burglary context, you could write a statute to say burglary of any location, burglary of any location counts. And here are a bunch of different examples. Or you could write a statute to say burglary of a house is a violation, burglary of another structure is a violation, burglary of a rail car is a violation. And those are three separate offenses. And the which of those two things it is. But there's no doubt from Taylor and Mathis and all these other cases that if a state chooses to structure its statute in a way that these are separate crimes, it's a separate crime to burglarize a rail car from burglarizing a house, then you look at the charging documents and you figure out which it is. Taylor, Gamillia, Ball, all of these cases say lack of consent is not an element. And the cases do say that these three separate crimes are instead elements. So here the district court, it was perfectly proper for the district court to look at those separate elements, to look at the charging documents and determine which one he was charged with. How do you apply the categorical approach to an altogether different fact pattern? So take, for example, the hypothetical of a defendant who intentionally engages in this deviant sexual conduct, both by using physical force, but the victim is intellectually disabled. How does it work then? I believe the way it would work in Indiana is that you would charge both offenses separately. How does it work for purposes of ACCA, the ACCA analysis? They would be charged as two separate offenses in Indiana. They would be charged separately. In fact, I think they were in Morrison. They were charged as two separate offenses. Under Indiana double jeopardy law, if they were based on the same set of facts, the crimes would eventually merge and you would only be sentenced on one of the two. But you would be charged separately with those two offenses and you would be convicted separately under them. And so therefore, this would never arise. You would never be charged that way. We've never found an instance in Indiana law where somebody was charged under multiple prongs because they are separate elements. Yeah, so your point is, on your view of Indiana law then, in a wild fact pattern, a hypothetical fact pattern like that, you'd say, look, you need jury unanimity on subsection one or subsection two or subsection three, even if the facts are merging across each of the three subsections. No, I don't view them as unanimity. I view them as you would charge them as three separate counts. All right, but if there's an element, don't you need jury unanimity on each element? Right, so they would be charged as three separate counts and the defendant, as to count one, you would have to find knowing an intentional use of force. So you'd say count one is subsection one, count two is subsection two, etc. Yes, yes, that's how it would be charged. They would have to be charged as separate offenses. I don't know in most instances in the real world that that would happen, but the point is that they are separate elements. And again, I think the sexual battery statute shows that because the sexual battery, if this was just all about consent, this was just all about consent, then I would think Scott Gordon would come out the other way. The defendant was unaware, things of that nature. The sexual battery statute does not include unawareness as an element. So you can't, and so some, there is a case where the Indiana tried to charge that and tried to say, hey, this person was, they weren't raped, they weren't, there wasn't oral or anal sexual conduct, but the defendant was unaware, the victim was unaware, she was asleep. I think it's Nolan. And so she was sexually battered and they say, no, that's not, this isn't just a lack of consent statute. She didn't consent. So it's just like force or it's just like mental deficiency. They said, this is a separate element and it has to be treated as a separate element. And that's always the case. These are all separate elements. And so once you accept that these are, in fact, separately charged, separate elements in Indiana, that's what the Supreme Court has said. Force is an element in Taylor, in Gamilia. And in parallel cases, as we've discussed on pages 15 and 16 of our brief, absence of consent is not an element. It's just evidence to establish what the element is. And then once you're there, then as I think we pointed out, then at that point, you have shown there is sufficient force because you have to use or threaten force. The force has to be physical force. It has to be fear of at least bodily injury. The love decision said that was enough. And then as far as the mens rea goes, I think this attendant circumstance analysis is a little off the mark. The attendant circumstances cases that we're citing are, that my opponent is citing are instances where somebody commits a battery and they're not aware that the person they're battering is a teacher or a law enforcement officer, but they've committed the crime. They've still committed a crime. They battled somebody. Well here, if you didn't know that you were using force, you haven't committed a crime. You think you're voluntarily, you're having sex with somebody voluntarily. So nothing in the Indiana law, nothing in the Mike Tyson case or any of those other cases suggests that you could ever commit the crime without using or threatening the use of force. And so because you must use or threaten force to commit the violation that's stated in the statute, and because that statute is divisible from prompts two and three, that offense qualifies. And because of that, that is Mr. Johnson's third qualifying offense. So the court, if it agrees with the government that criminal deviant conduct qualifies, would not even need to reach the question of whether infliction of bodily injury during escape qualifies. However, we do believe that that offense also qualifies. There is much less case law on escape inflicting bodily injury. In fact, I think Williams Bay is about the only case that we have found that discusses the issue. However, to the extent that that Indiana Court of Appeals case can be used to predict what the Indiana Supreme Court would say, what that case does say is the defendant pled guilty and then said, look, I had no intent to cause harm, right? The defendant's guilty plea is vacated because he, quote, disclaimed any effort on his part to cause harm. 51 Northeast 3rd, 1267. So if you have to have intended to cause harm, then as my opponent concedes in light of love, that's intent to cause injury, that's enough. This falls back under the Douglas analysis or the love analysis, and this is an intentional, it's an intentional escape, so it's an intentional act where you've qualified under the offense. There is a divisibility question here as well, but I think the divisibility question again is the same, and it, I think, again, shows why the divisibility analysis is correct in both instances. In the divisibility, in this statute, the two elements are infliction of bodily injury on the one hand or drawing a weapon on the other hand. And again, the question in elements or means analysis is, are these two separate things or are they just describing some common element? And here, I don't think there's even a common element that one could identify. And this court in Wagner and in a similar Ohio statute just seemed to assume that these were separate elements. And I think the same thing is true here. These are clearly separate elements. We do think drawing a weapon would qualify because it shows a threatened use of force, but the court would not need to reach that question because these are plainly separate elements. And similarly, I think that shows as well, yes, the three things that are set forth in the criminal deviant conduct statute could all be describing a common element, but the Indiana Supreme Court has said they're not. They're not describing lack of consent. Lack of consent is not an element. You must instead do one of the three specific things. You must prove that thing. And if the thing was unawareness or the thing was mental incapacity, we can see that those offenses would not qualify as violent felonies because they wouldn't require the use or threatened use of force. On the other hand, the statute that Mr. Johnson was convicted of and my opponent seems to concede that if we get into the modified categorical approach that the offense charged here was a use of threatened use of force here, that is a violent felony. And so Mr. Johnson is guilty of that offense, which is a violent felony, as is the inflection of escape. That's for one more than necessary. If the court has no further questions, I would ask that the judgment of the district court be affirmed. I don't think so, Mr. Haller. Thank you. I'd like to comment on the court's line of questions regarding this absence of consent element, which is the way that we phrased it in our brief. And I think what's important when analyzing this issue is that absence of consent, the government is correct. You can't just prove absence of consent under any circumstances. You can only prove the three circumstances that the you can only prove it by three specific means. So I don't think any of the cases that the government cites necessarily undermines our position because he's right. If the person is charged with sexual battery where the victim is compelled by force, that's one of the means where the court has said, yes, that is a form of absence of consent that we recognize. We only recognize three forms of absence of consent. So for example, Indiana actually doesn't take a they don't recognize absence of consent purely by verbally voicing your displeasure with something. It can only be proved under three specific circumstances. So I think this is actually very close to what the Supreme Court said in Mathis, which is that in that case, there was this locational element of burglary. And the statute said here are three specific, if I'm remembering correctly, there were maybe three specific locations that would qualify. And it couldn't burgle anywhere. It was three specific locations, but those were means. Nevertheless, the court said, those are means you have a locational element. And just in here we have this absence of consent element. The challenge that you have, I think you've done a terrific job in your brief arguing this and you're very articulate on this point. The challenge that you have, though, is when you group those three subsections and you make the argument that you're making and making it well, that there means that way. The difficulty you have is the point that Mr. Holler has made, that when you look at some of the Indiana cases, take Nolan, for example, the Indiana courts have not described the statute that way. So that's your first difficulty. And then I think, well, okay, maybe Nolan doesn't resolve it. Maybe it's a fleeting comment or something like that. But then if we accepted the invitation in Mathis to take a quick peek at the Sheppard documents, it doesn't get it. It gets worse for Mr. Johnson from there. It doesn't get better. So if I see my time's running out, but if I could just answer the court's question about the charging instrument. Under Mathis, you can only look at the charging instrument to see the form of the conviction. So for example, when you look at the charging document- At the jury instructions. So is there something about the jury instructions that gives the court pause? No, no, no, not at all. My only point is that the Indiana state law, and I'll say it's not in-depth discussion, but the cases that the government points to describe these three different aspects of the statute, they seem to as elements. Okay, that's a problem for Mr. Johnson. And so he's got to get out from under that. And I say, well, even if we should say, well, the discussion's just not that extensive in the Indiana cases. Let's take a peek at the Sheppard documents. The indictment, the jury instructions, etc. It's a problem for him. It doesn't get better, it gets worse. But I think when you look at all of those materials, all the Sheppard documents, I'm not following the court that it gets worse because you still can't look at the facts of conviction. All you can look at is what form. It's only in order to ascertain the form of the conviction that the person- Aren't they instructed? Well, the jury's instructed in a way on the force aspect of it that meets what the law is determined to be violent force. Well, we'd certainly disagree with that contention insofar as if you look in the appendix at page 21, it says that all that is required is the absence of consent. It literally says that in the instructions. So we don't think that the at all. It just confirms that, yes, he was charged with that variant of the statute, but we don't believe that that variant of the statute actually involves the use of violent force. The victim doesn't have to resist. And regardless, even if you look at the charging instrument, you're not allowed to look at the facts of conviction. So for that reason, we think that this conviction doesn't qualify. And so we would ask the court to petition and vacate his sentence. Thank you, Ms. Horton. Thanks to both counsel and the case will be taken under advisement.